UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANNY ROBINSON,

                Petitioner,

vs.                                      Case No.  2:09-cv-379-FtM-29SPC

FLORIDA PAROLE COMMISSION,

                Respondent.

_____

## OPINION AND ORDER

### I. Status

      This matter comes before the Court upon the *pro se* Petition
for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1,
"Petition"), filed by Petitioner Danny Robinson ("Petitioner" or
"Robinson").  The Petition challenges Robinson's revocation of
Conditional Release[1] supervision by the Florida Parole Commission
("Respondent" or "FPC"), on August 8, 2007, for which Petitioner
was sentenced to an eight-year term of imprisonment.  Petition at
1.  The Petition raises the following four grounds for relief:

> (1)  Robinson's due process rights were violated because
> the FPC applied additional terms and conditions upon
> Robinson after he was released. (Petition at 5)

_____

[1]"Conditional Release . . . is *not* an early release program.
Conditional Release is an *extra* post-prison probation type
program." <u>Evans v. Singletary</u>, 737 So. 2d 505 (Fla. 1999)(emphasis
in original).  "[I]nstead of going free as other offenders would do
. . . these offenders are placed on supervision for the amount of
time equal to the gain time they have accrued.  If they violate
their supervision, gain time is forfeited and the inmate is
returned to prison to continue serving the sentence(s)." <u>Id.</u>

(2)  Robinson's right to freedom of religion was violated because the FPC discriminated against religious activity or prohibited conduct undertaken for religious purposes. (Petition at 6)

(3)  The State erred by not allowing Robinson a supplemental revocation hearing. (Petition at 8)

(4)  Robinson's due process rights were violated because the FPC parole examiner did not make factual findings that the violations were willful. (Petition at 9-10)

Respondent filed a response to the Petition (Doc. #17, Response) with exhibits in support (Resp. Exhs. A-HH).  Petitioner filed a reply to the Response (Doc. #22) with exhibits in support (Pet. Exhs. A-E).  Upon consideration of the Petition, the Response, the Reply, and the State-court record, the Court finds that the Petition is due to be denied.[2]

## II. Relevant Procedural History

Respondent concedes that the Petition is timely filed and the grounds asserted were exhausted.  Response at 10-11.  Respondent asserts that the four grounds raised in the Petition, although clothed in terms of federal law, raise only issues of State law; and, thus are barred from habeas review.  Id. at 12.  In the alternative, the Respondent argues that, based upon the record, the Petition should be denied on its merits.  Id. at 13-19.

---

[2]The Court finds that an evidentiary hearing is not necessary because it can resolve the Petition on the basis of the record. Rule 8, Rules Governing Habeas Corpus Petitioner Under Section 2254.

### A.    Conviction and Revocation

On August 23, 1999, Robinson was convicted of Robbery and Aggravated Assault after a jury returned a verdict of guilty in the Twentieth Judicial Circuit Court, Hendry County (case no. 93-221). Resp. Exhs. A.   On September 30, 2004, Petitioner signed a "Temporary" Certificate of Conditional Release.  Resp. Exhs. B.  On October 1, 2004, Robinson was released on conditional release, and on December 2, 2004, Robinson signed the "Certificate of Conditional Release" that set forth the "Terms and Conditions of Supervision."   Resp. Exhs. 4 ("Certificate").   The Certificate contained the following "Special" condition of release:

> YOU SHALL HAVE A MANDATORY CURFEW WHERE YOU SHALL BE CONFINED TO YOUR RESIDENCE DURING THE HOURS FROM 7 PM TO 7 AM, EXCEPT FOR WORK TREATMENT PURPOSES AS AUTHORIZED BY YOUR CONDITIONAL RELEASE SUPERVISOR.

Id. at 64 (uppercase font in original).  On March 17, 2005, the FPC issued a warrant to retake Robinson based upon an alleged violation of the aforementioned Special condition - - violating the mandatory curfew.  Resp. Exhs. D.  In particular, the Warrant for Retaking Conditional Releasee stated that "on March 14, 2005, at 8:45 p.m., Robinson was away from his approved residence."  Id. at 68.

On March 23, 2005, Robinson was interviewed and executed a revocation hearing waiver. Resp. Exhs. E.  The hearing examiner, relying upon the evidence of the March 15, 2005 violation report, found Robinson guilty of violating curfew, and recommended restoration on conditional release on March 24, 2005.  Id. at 72.

-3-

On April 20, 2005, the FPC reinstated Robinson on conditional release.  Resp. Exhs. F.

On June 18, 2007, the FPC issued a second warrant to retake Robinson.  Resp. Exhs. G.  Again, Robinson was alleged to have violated the condition of curfew when, on June 15, 2007, at 7:37 p.m., Robinson was not confined in his approved residence.  Id. at 79.

> According to reports received from the Collier County Sheriff's Office, on June 15, 2007, Deputy Hinchcliffe responded to 911 New Market Rd. Immokalee Florida in reference to a disturbance.  Upon arrival at 07:37 PM Deputy Hinchcliffe made contact with [Robinson].  Contact was made with [Richard Goguen, Robinson's parole officer], who instructed the deputy to arrest [Robinson] for Violation of Condition[al] Release due to curfew violation.

Id. at 81.

On June 21, 2007, Robinson was interviewed and waived his revocation violation hearing.  The hearing examiner, relying on the June 18, 2007 violation report, found Robinson guilty and recommended revocation of conditional release on June 25, 2007. Resp. Exhs. H.  Following the June 25, 2007 hearing, the Commission received a letter, postmarked June 28, 2007, from Robinson stating in pertinent part that:

> I stop [sic] to pickup other worshipers on my way to church service no crimes commit [sic] - a case of being at the wrong place - at the wrong time, on Friday night June 15, 2006 at 7:37 p.m. on my way to church.

Resp. Exhs. I.  The FPC revoked Robinson's conditional release on August 8, 2007, effective June 15, 2007.  Resp. Exhs. J.

-4-

**B.   State Procedural History**

**1.   Writ of Mandamus**

On September 25, 2007, Robinson filed a notice of appeal with the FPC, and filed a petition for writ of mandamus in the Second Judicial Circuit Court, Leon County, Florida. Resp. Exhs. K.   In his petition, Robinson contended that: (1) his supervising officer, Richard Goguen, had authorized Robinson to attend church services on Tuesday, Friday, and Sunday evenings from 8:00 p.m. until 10:30 p.m.; (2) that the revocation denied Robinson his "Constitutional Right to Religious Freedom"; and, (3) that the revocation violated "due process" and the "ex post facto law . . . prohibited by the U.S. Constitution" because his October 1, 2004 conditional release plan did not include a curfew provision.   Id. at 1-6.

The circuit court directed the FPC to show cause why the petition should not be granted.   Resp. Exhs. L.   The FPC filed a "Response to Court's Order to Show Cause and Motion for Remand" on January 16, 2008.   Resp. Exhs. M.   The FPC construed the petition as alleging that the "Commission erred in failing to make factual finding that [Robinson's] violation was willful and substantial" and sought remand "for clarification by the Hearing Examiner as to whether [Robinson's] violation was willful and substantial."   Id. at 33.   The circuit court granted remand for a determination of whether Robinson's conduct constituted a "willful violation of a substantial condition."   Resp. Exhs. N at 1.

On February 28, 2008, the Hearing Examiner reviewed the record and determined that the violation was willful, stating:

> In regards to violating Condition 19, the inmate was not confined to his approved residence between the hours of 7:00 p.m. and 7:00 a.m. on June 15, 2007. I find the violation to be willful and substantial based on the Department of Corrections Violation Report dated June 18, 2007, prepared by Correctional Probation Officer Richard Goguen.  Per the violation report, the inmate was not at his approved residence but was at 911 West New Market Road, Immokalee, Florida, on June 15, 2007, at approximately 8:05 p.m., and did not have the permission of Correctional Probation Officer Richard Goguen, to be at this residence after 7:00 p.m. Correctional Probation Officer Richard Goguen was advised that the inmate was at this location by Deputy Hinchcliffe of the Collier County Sheriff's Office who had responded to the residence at 7:37 p.m. in reference to a disturbance.  Correctional Probation Officer Richard Goguen instructed the deputy to arrest the inmate on the curfew violation.  In addition the inmate has a history of violating his curfew, and based on the prior curfew violation, which also occurred under the supervision of Correctional Probation Officer Richard Goguen, the inmate is fully aware of the rules and consequences for not complying with his curfew.

Resp. Exhs. O at 151.  On March 12, 2008, the FPC adopted the Hearing Examiner's finding and reaffirmed the revocation of Petitioner's supervision. Id. at 154.

Subsequently, the FPC filed a "Notice of Compliance with Remand and Response" on March 21, 2008.  See generally Resp. Exhs. O.  Robinson filed a reply to the FPC's response with exhibits. Resp. Exhs. P.[3]  On June 5, 2008, the Leon County circuit court,

---

[3]According to the Respondent, "the record indicates that the Petitioner next filed a Motion for Leave for Supplemental Pleading on April 25, 2008" but the FPC was not provided with a copy of the pleading.  Response at 5, n. 3. Nonetheless, the circuit court denied Petitioner's motion to supplement the record.  Resp. Exh. Q
(continued...)

acting in its appellate capacity,[4] entered an order denying Petitioner relief. Resp. Exhs. Q.  In pertinent part, the circuit court held:

> The petitioner challenges the revocation of his conditional release for violation of condition 19, a mandatory curfew, on several grounds.  He alleges that the curfew condition was illegal and invalid because 1) his offense did not qualify him for a curfew condition; 2) the curfew condition was not imposed until two months after his release on conditional release, and thus the condition was an illegal ex post facto punishment; and 3) the curfew illegally interfered with petitioner's exercise of his religion because his violation of the curfew occurred while he was attending to church business.  The petitioner further argues that he should be reinstated to conditional release because he committed no crimes while on conditional release.

> The Commission had statutory authority to impose the special condition of the curfew under section 947.1405(6), Florida Statutes.  The special condition curfew was not dependent upon the nature of petitioner's offense nor is the date of his offense an issue.  The Commission was authorized to impose "any special conditions it considers warranted from its review of the release plan and recommendation."  § 47.1405(6), Fla. Stat.  Section 947.1405(6) has been in effect since 1988, and so it was in effect in 1993 when the petitioner committed the crimes for which he is currently incarcerated.

> The specification of the special curfew condition shortly after the petitioner's release on conditional release is not an ex post facto or due process violation.  The petitioner was notified prior to his conditional release that the Commission might impose additional conditions and that he would be informed of such special conditions.

---

[3](...continued)
at 1.

[4]See Rule 9.100(f), Florida Rules of Appellate Procedure, and Sheley v. Florida Parole Comm'n, 703 So. 2d 1202 (Fla. 1st DCA 1997).

Commission's Response filed 1/16/2008, Ex. B.
Specifically the petitioner was informed:

> In addition to the standard conditions of
> Conditional release enumerated on pages 2 and
> 3 of this notification, the Commission may
> also establish certain special conditions of
> release. All the terms and conditions of your
> conditional release, both standard and
> special, will be contained in your certificate
> of release and will be forwarded to your
> conditional release supervisor who will
> instruct you accordingly.

Id. Certificate of Conditional Release & Terms &
conditions of Supervision dated and signed by petitioner
on 9/30/2004. Accordingly, the petitioner knew that
additional special conditions were forthcoming upon his
release on October 1, 2004. The petitioner was informed
of the curfew special condition and acknowledged the
condition on December 2, 2004. Commission's Response
filed 1/16/08, Ex. B.

Even if the notice signed by the petitioner on December
2, 2004 left any doubt about the curfew condition in
petitioner's mind, the petitioner violated the curfew
condition on March 14, 2005 and he was found by the
Commission to have violated the condition. The
Commission determined that petitioner's conditional
release should not be revoked for that violation, but
this incident certainly brought the curfew condition and
the possibility of its enforcement to petitioner's
attention. Commission's Ex. F to Response filed
1/16/2008 - Commission Order entered 4/20/2005. At this
point, the petitioner cannot credibly assert that he was
unaware of the curfew condition or that he was in any way
prejudiced by the specification of this condition two
months after his initial conditional release. The timing
of the Commission's specification of the curfew condition
could have had no effect on the petitioner's second
violation of the curfew condition on June 15, 2007.

The petitioner's argument that the curfew condition was
an invalid restriction on his exercise of his religion
because he was conducting church business after the
curfew hours is simply ridiculous. Even if the
supervising officer had given the petitioner permission
to attend church services beyond the curfew hours, which

-8-

is a question of fact not determined by the hearing officer, the petitioner does not dispute that he was not at a church service.  The petitioner was at a residence at 8:05 p.m. when the supervising officer was contacted by a police officer who had arrived at the residence in response to a disturbance call. Commission's Ex. G to Response filed 1/16/2008.  Permission to attend church services does not extend to permission to collect church funds and engage in an altercation with the church bookkeeper at a separate location.  The Florida Supreme Court has held that "a substantial burden on the free exercise of religion is one that either compels the religious adherent to engage in conduct that his religion forbids or forbids him to engage in conduct that his religion requires." Warner v. City of Boca Raton, 887 So. 2d 1023, 1033 (Fla. 2004).  The petitioner makes no allegation that the curfew condition compelled him to engage in conduct his religion forbids or forbade him to engage in conduct his religion required.  He simply opposes the restrictions on his schedule and activities resulting from the curfew and does not wish to comply with the condition.

Finally, the court finds that the petitioner's crime-free record while on conditional release does not preclude revocation for violation of the curfew condition by the Commission.  The petitioner did not contest the charge that he was neither at home or at the church building at 8:05 p.m. on the night of June 15, 2007.  Letter submitted to Commission from Petitioner, Ex. I to Commission's Response.  The petitioner waived his violation of conditional release hearing, and the revocation was based upon the Department of Corrections' Violation Report dated June 18, 2007 submitted by Correctional Probation Officer Richard Goguen. Commission's Ex. J to Response.  The court finds that the petitioner's admission of the facts supporting the curfew violation is sufficient factual support for the Commission's revocation. Russell v. Florida Parole Commission, 946 So. 2d 32 (Fla. 1st DCA 2006); Sylvis v. State, 916 So. 2d 915, 918 (Fla. 5th DCA 2005). Revocation in this circumstance is not an abuse of discretion.  Lacking an abuse of discretion, this Court will not re-consider the Commission's action. Tedder v. Florida Parole Commission, 842 S.2d 1022 (Fla. 1st DCA, 2003).

Based on <u>Matais v. Florida Parole Commission</u>, 944 S.2d 1182, 1183 (Fla. 1 st DCA 2006), this case was remanded to the Commission for a factual determination by the Parole Commission as to whether the curfew violation was a willful violation of a substantial condition. This was required even though the petitioner waived his revocation hearing and admitted the facts of his actions which constituted the violation. <u>See</u> <u>Johnson v. Florida Parole Commission</u>, 958 So.2d 1109 (Fla. 1st DCA 2007); <u>Harris v. Florida Parole Commission</u>, _ So. 2d _, 33 Fla. L. Weekly D1268, 2008 WL 1968308 (Fla. 1st DCA May 8, 2008).  In response to the Court's Order, the Commission reported to the court that on February 28,2008, the Parole Examiner determined that the violation was, in fact, willful.  On March 12, 2008, the Commission adopted the Parole Examiner's finding and reaffirmed the revocation of Conditional Release supervision.

The Petitioner has not established either that the Commission abused its discretion or failed to perform a required ministerial duty.

<u>Id.</u> at 2-6.

Robinson appealed the circuit court's June 5, 2008 order denying his writ of mandamus and certiorari, Resp. Exhs. R, and the court directed the FPC to respond.  Resp. Exhs. U.[5]  The FPC filed a response.  Resp. Exhs. V.  Robinson filed a "Judicial Notice" with exhibits, a "Reply" with exhibits, Resp. Exhs. W, and a motion to supplement Reply.  Resp. Exhs. X.  On October 30, 2008, the appellate court, issued a per curia opinion, denying Robinson's petition for writ of certiorari "on the merits."  Resp. Exhs. Y. Robinson's motion for rehearing was denied.  Resp. Exhs. Z, AA.

---

[5]Robinson also filed a petition for writ of *certiorari* with the appellate court, Resp. Exhs. S.  The appellate court converted Robinson appeal into the petition for writ of *certiorari*.  Resp. Exhs. T.

**2.   Petition for Writ of Habeas Corpus**

On October 31, 2007, Robinson filed a petition for writ of habeas corpus in the circuit court for Twentieth Judicial Circuit Court, Glades County, Florida.   Resp. Exhs. BB.   The State petition alleged two grounds for relief: (1) the FPC violated Robinson's due process rights where the violation of conditional release was not willful or substantial; and (2) the FPC violated Robinson's ex post facto and due process rights under Florida law because Robinson was not interviewed within 180 days of his release for purposes of detailing the conditions of his release.   Id. at 3, 5.

The circuit court issued a show cause order to the FPC, and the FPC moved for dismissal based upon Robinson's prior filing of his mandamus action with the Second Circuit in Leon County. Resp. Exhs. CC.   The Twentieth Judicial Circuit rejected the FPC's argument, and the FPC filed a response on the merits.   Resp. Exhs. DD.   Robinson filed a reply.   Resp. Exhs. EE.

On May 7, 2008, the Twentieth Judicial Circuit denied Robinson's petition for writ of habeas corpus.   Resp. Exhs. FF. The court found that the facts as alleged in the State petition "are not supported by the evidence below."   Id.   The court, noting that Robinson had attached various documents to support his factual allegations, found that the documents had not been submitted to the parole board, but were all dated after the date that Robinson's

conditional release had been revoked. Id. at 2.  Further, because the evidence was not submitted to the parole board and because Robinson had waived his right to a hearing, the court determined that it could not "consider any evidence attached to [Robinson's] motion." Id.

### III.  Applicable Law

Robinson filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Further, a federal court only may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the

United States." <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S. Ct. 13, 15 (2010)(*per curia*)(quoting 28 U.S.C. § 2254(a)).  "The writ of habeas corpus was not enacted to enforce State-created rights." <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333 (11th Cir. 2000)(citation and quotation marks omitted); <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983).  In particular, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>McCullough v. Singletary</u>, 967 F.2d 530, 535 (11th Cir. 1992). "Federal courts entertaining petitions for writs of habeas corpus must follow the state court's interpretation of a state law absent a constitutional violation."  <u>Hunt v. Tucker</u>, 93 F.3d 735, 737 (11th Cir. 1996). Similarly, a claim that petitioner's federal rights have been violated because state officials failed to correctly apply state law is merely a state law claim "couched in terms" of a federal claim, and fails to state a claim upon which relief may be granted by habeas corpus.  <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1989).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

## IV. Findings of Fact and Conclusions of Law

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 862 (Jan. 24, 2011)(citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7, (1979)). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures." Swarthout, 131 S.Ct. at 862.

The following minimum requirements of due process must be provided in a parole revocation proceeding:

(a) written notice of the claimed violations of parole;
(b) disclosure to the parolee of evidence against him;
(c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to

-14-

confront and cross-examine adverse witnesses ...; (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972).  However "a mere error of state law is not a denial of due process." Swarthout v. Cook, 131 S.Ct. at 863 (quoting Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982)).

**Ground 1 Presents An Issue of State Law Only**

In Ground 1, Petitioner argues that his Fifth and Fourteenth Amendment rights were violated because the FPC "applied new conditions 63 days after Petitioner's release." Petition at 5.  In support, Petitioner refers the Court to "F.S. 947.1405" and the "Fla. Admin. Code." Id.

Essentially, Petitioner is challenging the authority of the FPC to impose conditions on his release.  Fla. Stat. § 947.1405 establishes the authority of the FPC.  Thus, Ground 1, although couched in terms of a federal due process violation, raises only an issue of State law.  Consequently, Ground 1 does not raise a federal issue cognizable on habeas review.

**Grounds 1, 2, 3 and 4 are Without Merit**

Alternatively, to the extent that Petitioner is attempting to assert an *ex post facto* violation, such claim is wholly without merit.  As noted by the circuit court, Florida's Conditional Release Statute, Fla. Stat. § 947.1405 was enacted well before

Petitioner committed the underlying offenses for which he was convicted.[6]

In Ground 2, Petitioner submits that the special condition establishing curfew violated his First Amendment Free Exercise rights. Petition at 6. Petitioner was found to have violated the special condition establishing curfew:

> You Shall Have a Mandatory Curfew Where You Shall Be Confined to Your Residence During the Hours from 7 Pm to 7 Am, Except for Work Treatment Purposes as Authorized by Your Conditional Release Supervisor.

The Leon County circuit court found that Petitioner's First Amendment "is simply ridiculous." Resp. Exhs. Q at 4. The Court agrees.

The Free Exercise Clause of the First Amendment to the United States Constitution, which is applied to the States through the Fourteenth Amendment, see Cantwell v. Connecticut, 310 U.S. 296, 303 (1940), provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . .

U.S. Const. Amend. I. "At a minimum, the protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct

---

[6]Article I, Section 10, of the U.S. Constitution prohibits states from enacting *ex post facto* laws. Under the *ex post facto* clause a state may not retroactively apply any law that "inflicts a greater punishment, than the law annexed tot he crime, when committed." Calder v. Bull, 3 U.S. 386 (1789). Florida enacted the Conditional Release Statute in 1988. Petitioner committed the offenses that resulted in his conviction in 1993.

because it is undertaken for religious reasons." <u>Church of Lukumi</u> <u>Babalu Ave v. City of Hialeah</u>, 508 U.S. 520, 532 (1993).  If a law is neutral and generally applicable, it does not violate the Free Exercise Clause, even if the law has an incidental effect on a religious group or practice.  <u>Id.</u> at 531.  To determine neutrality and general applicability, the Court looks at the purpose or object of the law, by viewing its text.  <u>Id.</u> at 532.

Here, the curfew condition is neutral on its face.  Thus, there is no First Amendment violation.  Further, as noted by the circuit court, Petitioner was not at church at the time of his violation.  Thus, the Court finds Petitioner has failed to sustain his burden under 28 U.S.C. § 2254(d), and Ground 2 as without merit.

In Ground 3, Petitioner faults the Second Judicial Circuit Court in Leon County for not affording him "a supplemental revocation hearing."  Petition at 8.  To the extent discernable, Petitioner contends that the State court erred in failing to afford him a supplemental hearing at which he could have introduced additional evidence that was not previously provided to the hearing examiner or presented to the FPC.  The State's adherence to its procedural processes as set forth in its own statutes does not implicate federal due process issues.  <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1560 (11th Cir. 1991).  Nothing in the Florida statutes entitle  Petitioner to a revocation hearing before the circuit court.  Indeed, such a right is not mandated or envisioned by

federal law.  See Morrissey v. Brewer, 408 U.S. at 484 (recognizing
that in a parole revocation, federal law requires only "an informal
hearing structured to assure that the finding of a parole violation
will be based on verified facts and that the exercise of discretion
will ne informed by an accurate knowledge of the parolee's
behavior.").   Consequently, Ground 3 fails to raise a federal
habeas issue.

In Ground 4, Petitioner claims that his due process rights
were violated because the hearing examiner did not determine that
the violation was willful.  Petition at 9-10.  The Court finds the
Ground 4 is without merit as the record amply supports the state
court's finding that Petitioner's due process rights under
Morrissey, 408 U.S. at 489, were fulfilled.

Here, Petitioner received written notice of the violation.
Petitioner was afforded the opportunity to submit evidence and
produce witnesses, but waived his right to a hearing.  Upon remand,
see Resp. Exhs. N at 1, the Hearing Examiner reviewed the record
and provided a written statement that the violation was willful and
substantial.  Resp. Exhs. O at 151.  The Hearing Examiner relied
upon the Violation Report prepared by Petitioner's Probation
Officer, Richard Goguen.  According to Mr. Goguen's Report, on June
15, 2007, at approximately 8:05 p.m., Petitioner was not at his
approved residence but was at 911 West New Market Road, Immokalee,
Florida, and did not have the permission of Mr. Goguen to be at
this residence after 7:00 p.m.  Deputy Hinchcliffe of the Collier

County Sheriffs s Office, who had responded to a disturbance call made at 7:37 p.m. from the residence, advised Mr. Goguen that Petitioner was at the residence.  The Hearing Examiner also relied upon the fact that Petitioner had a prior curfew violation.  Thus, Petitioner was aware of the condition of curfew.  The FPC adopted the Hearing Examiner's finding and reaffirmed the revocation of Petitioner's supervision. Id. at 154.

Consequently, contrary to Petitioner's assertion, the Hearing Examiner did determine that Petitioner's violation was willful. Consequently, Petitioner has failed to show that the State court's rejection of his due process claim was contrary to, or an unreasonable application of, federal law, or an unreasonable determination of the facts as presented to the State court.  Thus, the Court denies Petitioner relief on Ground 2 as without merit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2.    The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition for writ of

habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___15th___ day of August, 2011.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record